UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

EFRAIN BARRIOS-PEREZ,
Petitioner,

v.

PAMELA BONDI, et. al.,
Respondents.

Case No.: 26-cv-1622-BJC-VET

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING TEMPORARY RESTRAINING ORDER**

Pending before the Court is Petitioner Efrain Barrios-Perez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, along with a Motion for Temporary Restraining Order ("TRO"). ECF Nos. 1, 2. Petitioner is a citizen of Mexico. On September 23, 2025, he was encountered by ICE ERO at the Metropolitan Correctional Center in San Diego. He has been detained since that time at the Otay Mesa Detention Center.

Petitioner has multiple prior removals from the United States. His first removal was in 2007 and the most recent was on April 14, 2020. ECF No. 12 at 2. On February 26, 2026, Petitioner was transferred from federal criminal custody into immigration custody pursuant to an honored detainer. On February 27, 2026, Petitioner was issued a Notice of Intent/Decision to Reinstate Prior Order. After asserting fear of removal, Petitioner was referred for a reasonable fear interview and the reviewing officer found that Petitioner did not establish a reasonable fear. On March 25, 2026, an immigration judge reviewed that

fear determination and found that Petitioner failed to establish a reasonable fear. Pursuant to 8 C.F.R. § 1208.31(g)(1), there is no administrative appeal available of the immigration judge's determination. On March 26, 2026, Petitioner filed a request for reconsideration of the credible-fear determination with the USCIS Asylum Office. On March 31, 2026, USCIS denied the request for reconsideration, stating Petitioner needed to request that from the judge.

Petitioner contends his detention is a violation of 8 U.S.C. § 1231(a)(6) and the Fifth Amendment Right to Due Process under *Zadvydas v. Davis,* 533 U.S. 678 (2001). ECF No. 1 at 11.

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States.") Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

Under 8 U.S.C. § 1231(b)(3), an alien who is ordered removed, must be detained for ninety days (90) pending the government's efforts to secure their removal to a third country. *See* 28 U.S.C. § 1231(a)(2). The ninety-day period is referred to as the "removal period." § 1231(a)(1)(A). Once the removal period expires, the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After this six-month period passes, the petitioner has the burden to "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If a petitioner meets the initial burden, it then shifts to the Government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

"[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the alien's release may be conditioned on any of the various forms of conditioned release. *Id.* at 700.

Here, Petitioner's final order of removal became final on February 27, 2026. Therefore, he has been detained for almost 7 months post final order of removal. His period of detention is longer than the presumptively reasonable six-month period. *Trinh v. Homan*, 466 F. Supp. 3d 1077, 1092 (C.D. Cal. 2020) (collecting cases); *Ndandu v. Noem*, No. 25-CV-2939-RBM-MSB, 2026 WL 25848, at *3 (S.D. Cal. Jan. 5, 2026) (finding that the six-month presumption is rebuttable and finding petitioner rebutted the presumption while only being detained for three months); *Hernandez v. Bondi*, No. 25-CV-2020-EPG-HC, 2026 WL 350829, at *3–4 (E.D. Cal. Feb. 9, 2026) (rebutting presumption after five month detention); *Herzardastan v. Noem,* No. 25-CV-3424-AB-DBT, 2025 WL 3768581, at *2 (C.D. Cal. Dec. 23, 2025) (rebutting presumption after four month detention); *Uzzhina v. Chestnut*, No. 25-CV-1594-DAD-SCR, 2025 WL 3458787, at *3 n.3 (E.D. Cal. Dec. 2, 2025) ("The fact that a noncitizen has been held in-custody less than six months does not foreclose a claim that his or her detention is unlawful under *Zadvydas*.") Here, the Court finds Petitioner has rebutted the 6-month presumption and met his initial burden.

Next, Petitioner must "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas,* 533 U.S. 701. Petitioner argues that "ICE has been unable to secure travel documents or otherwise effectuate Petitioner's removal to Mexico due to a lack of diplomatic cooperation or practical ability to carry out removals to Mexico at this time. Petitioner has fully cooperated with ICE's efforts to secure travel documents." ECF No. 10 at 6. Petitioner has demonstrated that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

The burden now shifts to Respondents to rebut Petitioner's showing of good reason to believe he will not be removed in the reasonably foreseeable future. *Zadvydas*, 533 at 701. Respondents contend that removal to Mexico is imminent but that they have been

unable to effectuate Petitioner's removal to Mexico because of the pending habeas petition. They argue that they will be able to remove Petitioner as soon as the Court lifts its order enjoining removal. ECF No. 12 at 4.

The Court finds that Petitioner's removal to Mexico is significantly likely in the reasonably foreseeable future considering Petitioner's multiple prior removals and Respondents representation that the only reason removal has not been effectuated is this Court's order enjoining his removal. Accordingly, Petitioner's continued detention does not exceed the authority conferred by 8 U.S.C. § 1231(a)(6) and does not violate the Due Process Clause of the Fifth Amendment. The Court **DENIES** the petition for a writ of habeas corpus and **DENIES** the TRO as moot (ECF No. 2). The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: September 16, 2026

Honorable Benjamin J. Cheeks
United States District Judge